IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EDWARD FRIEDLAND,

    Plaintiff,

v.    Civil No. 03-1302 WJ/RHS

NATIONAL ACADEMY OF SCIENCES and
CONNECTICUT GENERAL LIFE INSURANCE CO.,
D/B/A CIGNA HEALTHCARE,

    Defendants.

## MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S MOTION FOR ENFORCEMENT OF ORDER AND FOR SANCTIONS

THIS MATTER comes before the Court upon Plaintiff's Motion for Enforcement of Order and for Sanctions, filed February 13, 2004 **(Doc. 28)**. This is an action for benefits under an employer's group welfare benefit plan, Employee Retirement Income Security Act, 29 U.S.C. §1001 et seq., specifically 29 U.S.C. § 1132(e). The action seeks to require Defendants to resume and continue to pay for in-home nursing services needed by Plaintiff, who is wheelchair and ventilator-dependent. Having considered the parties' briefs and the applicable law, I find that Plaintiff's motion for enforcement of the restraining order is well-taken and will be granted. However, Plaintiff's request for sanctions will be denied.

### Background

On November 13, 2003, the Court entered a Temporary Restraining Order ("TRO")(Doc. 4), requiring Defendants to resume payment for at-home nursing services needed by Plaintiff Friedland. The injunction was extended on stipulation of the parties while they engaged in limited

discovery and settlement discussions.  Following a hearing on Plaintiff's motion for preliminary injunction, the Court denied Plaintiff's request for injunctive relief on January 5, 2004. (Doc. 24).

During the time the restraining order was in effect, Plaintiff incurred expenses for nursing services in the amount of $10,768.00.  Plaintiff submitted the bills directly to CIGNA's claims office, and provided copies to counsel in this case.  In the instant motion, Plaintiff seeks reimbursement of the amount.[1]  Defense counsel contest this Court's jurisdiction over the matter since Plaintiff has filed an appeal of the Court's decision to lift the restraining order and deny the preliminary injunction (Doc. 25). The position of Defendant National Academy of Sciences is that CIGNA is the entity responsible for the payment of claims under the health benefits plan. There has also been an effort on Defendants' part to include the amount sought as reimbursement within settlement negotiations that are still ongoing.

### Discussion

Defendants suggest that jurisdiction over this matter does not exist.  The filing of a notice of appeal generally divests a district court of jurisdiction over the issues on appeal, but the district court retains jurisdiction over collateral matters.  Lancaster v. Indep. Sch. Distr. No. 5, 149 F.3d 1228, 1237 (10th Cir. 1998). Without actually providing the Court with relevant legal argument, CIGNA merely states that the TRO and its effect are not collateral matters.  The Court, however, finds that they are collateral to the merits in this case.  Plaintiff is appealing the Court's decision to lift the TRO and deny the preliminary injunction, *not* the Court's decision to enter the TRO.

---

[1] According to a Declaration by Plaintiff's wife, payment for these services without insurance has forced Plaintiff and his wife to borrow money and carry high credit card balances, and has also had the effect of requiring Mrs. Friedland to cut down the hours she works at her regular job in order to increase the number of hours she can care for her husband. See (Doc. 29).

Thus, matters related to the TRO while it was in effect, and the enforcement of the TRO which was valid while in effect, are collateral issues to the pending appeal. Therefore, this Court has jurisdiction over this motion, and can enforce its order concerning the TRO which was previously entered, notwithstanding Plaintiff's appeal. See, Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (filing a notice of appeal divests a district court of control over aspects of the case *involved in the appeal*) (emphasis added); e.g., U. S. v. Board of School Com'rs of City of Indianapolis, Indiana, 503 F.2d 68 (7th Cir. 1974) (filing of an appeal from portion of ruling did not deprive district court of jurisdiction to enforce its order and to add party defendants in school desegregation case); see also, Reliance Ins. Co. v. Mast construction Co., 84 F.3d 372 (10th Cir. 1996) (expiration of temporary restraining order, and denial of preliminary injunction, did not eliminate right for party to seek civil contempt judgment for violation of order, where court did not make findings with respect to validity of restraining order until several years later).

*1.    Reimbursement*

Defendants do not contest the accuracy of the bills submitted for reimbursement, or otherwise question the amount requested by Plaintiff for reimbursement of payment for nursing services during the time the TRO was in effect.  Accordingly, Plaintiff is entitled to reimbursement of the amount sought, which is $10,768.

*2.    Sanctions*

Plaintiff requests sanctions based on Defendants' refusal to reimburse him for nursing services.  Although Plaintiff does not specify the legal basis for his request for sanctions, I assume

it is based on civil contempt.[2]

I find that there is no justification for an imposition of sanctions against either Defendant. Plaintiff did not submit the bills to CIGNA or defense counsel after the TRO had been lifted and Plaintiff's motion for preliminary injunction was denied. Because Defendants were unwilling to immediately fork over $10,768 to Plaintiff without further direction from the Court, when their position on the merits is that Plaintiff has reached his lifetime maximum benefits, does not amount to sanctionable conduct. See, Ex. B to CIGNA's Response (Doc. 31). Issues relating to the existence of jurisdiction over the matter, and the financial responsibilities of each of the Defendants, further hindered immediate compliance with what Plaintiff sees as a simple refusal to comply with the restraining order.

What I do find to be somewhat disingenuous is Defendants' stance that the TRO does not require reimbursement for services because the *status quo* at the time the TRO was entered was that neither Defendant was paying for nursing services. In the Order Granting Application for Temporary Restraining Order, the Court stated that "[s]ince Plaintiff is reliant on CIGNA to pay for these services in order for them to continue, it is imperative that CIGNA continue to pay for them in order to maintain the *status quo*." (Doc. 4, at 3). Defendants' description of the *status*

---

[2] Sanctions for civil contempt may only be employed for either or both of two distinct remedial purposes: (1) to compel or coerce obedience to a court order, and (2) to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance. O'Connor v. Midwest Pipe Fabrications, Inc., 972 F.2d 1204, 1211 (10th Cir. 1992). A court is justified in holding a party in civil contempt for failure to comply with an order of the court when: (1) the court's order is clear and unambiguous; (2) the proof of noncompliance is clear and convincing; and (3) the party has failed to make reasonably diligent efforts to comply. New York State Nat'l Org. for Women v. Terry, 886 F.2d 1339, 1351 (2d Cir. 1989); United States v. Professional Air Traffic Controllers Org., 703 F.2d 443, 445 (10th Cir. 1983) (proof of contempt in civil contempt cases must be clear and convincing").

*quo* is technically accurate. However, as I recall, the "down time" Plaintiff experienced between the cessation of payments by Defendants and his filing an application for a TRO was due to Plaintiff's continued attempts to communicate with Defendants and figure out why payments had stopped. The existence of a bureaucratic wall should not be the basis for creating a new *status quo*. Thus, the *status quo* is the posture of the parties prior to the change brought about by the cessation of benefits, and which is now contested. See Prairie Band of Potawatomi Indians v. Pierce, 253 F.3d 1234 (10th Cir. 2001) (recognizing that the status quo could but "need not consist of a photographic replication of the circumstances existing at the moment suit was filed") (citation omitted); see also, Washington Capitols Basketball Club, Inc. v. Barry, 419 F.2d 472, 476 (9th Cir.1969) (The status quo is the last, uncontested status preceding the commencement of the controversy).[3]

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion for Enforcement of Order and for Sanctions **(Doc. 28)** is hereby GRANTED IN PART, and DENIED IN PART in that Plaintiff's Motion for Enforcement of Order is GRANTED as set out above, and Plaintiff's request for sanctions is DENIED.

_____
UNITED STATES DISTRICT JUDGE

---

[3] There is another reason why Defendants' view of the restraining order is inaccurate. The type of injunctive relief -- mandatory relief -- afforded by the restraining order theoretically required Defendants to take affirmative action, and may alter the *status quo*, "whereas prohibitory injunctive relief simply preserves the *status quo*." SCFC ILC, Inc. v. Visa USA, Inc., 936 F.2d 1096, 1099 (10th Cir.1991). Even if the restraining order did consist of an alteration in the *status quo*, Plaintiff at that time had made the required showing that, on balance, preliminary injunction factors weighed heavily and compellingly in his favor. See, O Centro Espirita Beneficiente Uniao do Vegetal et al. v. Ashcroft et al., 342 F.3d 1170 (10th Cir. 2003).